**In re: SUNBEAM CORPORATION, Debtor.**

**Francis J. Robinson, Appellant,**

v.

**Sunbeam Corporation, Appellee.**

**No. 04–1381–bk.**

United States Court of Appeals, Second Circuit.

April 26, 2006.

Francis J. Robinson, Newtown Square, Pennsylvania, for Appellant.

Stephen A. Radin (Diane Harvey and Kathleen E. Murphy, on the brief), Weil, Gotshal & Manges LLP, New York, New York, for Appellee.

PRESENT: Hon. WALKER, Jr., Chief Judge, Hon. AMALYA L. KEARSE, and Hon. RALPH K. WINTER, Circuit Judges.

## SUMMARY ORDER

Appellant Francis J. Robinson appeals from the January 30, 2004 judgment of the United States District Court for the Southern District of New York (Denny Chin, *Judge*) dismissing as "equitably moot" his appeal from the November 27, 2002 order of the United States Bankruptcy Court for the Southern District of New York confirming appellee Sunbeam Corporation's plan of reorganization (the "plan" or "POR"). Robinson asked the district court, as he asks this court, to vacate the bankruptcy court's order confirming the plan and to restore Sunbeam to its December 18, 2002 pre-reorganization status because Sunbeam did not prove in bankruptcy court that it met the plan-confirmation requirements codified in subsections (a)(3) and (a)(7)(A)(ii) of 11 U.S.C. § 1129. We assume the parties' familiarity with the facts and procedural history.

In *In re Chateaugay Corp.*, 10 F.3d 944 (2d Cir.1993), this court held that district courts should consider the following five factors in deciding whether an appeal of a bankruptcy transaction is equitably moot, all of which must be present to render the appeal not equitably moot:

(a) the court can still order some effective relief;

(b) such relief will not affect "the re-emergence of the debtor as a revitalized corporate entity";

(c) such relief will not unravel intricate transactions so as to "knock the props out from under the authorization for every transaction that has taken place" and "create an unmanageable, uncontrollable situation for the Bankruptcy Court";

(d) the "parties who would be adversely affected by the modification have notice of the appeal and an opportunity to participate in the proceedings"; and

(e) the appellant "pursued with diligence all available remedies to obtain a stay of execution of the objectionable order . . . if the failure to do

so creates a situation rendering it inequitable to reverse the orders appealed from."

*Id.* at 952–53 (citations omitted). The district court specifically ruled that Robinson was, inter alia, unable to satisfy the last of these factors because Robinson did not move in the bankruptcy court, or indeed any court, to stay consummation of the plan of reorganization pending appeal of the approval order. The district court ruled that this failure would make it inequitable to now undo the consummation of the plan.

The district court correctly identified the equitable-mootness doctrine as articulated in *In re Chateaugay,* and the district court's finding that Robinson "did not diligently pursue all available remedies to obtain a stay of execution of the POR" is free of error. Robinson's failure to move in the bankruptcy court for a stay suffices to show a lack of diligence. *See In re Metromedia Fiber Network, Inc.,* 416 F.3d 136, 145 (2d Cir.2005) (relying on a failure to seek a stay of the confirmation order and a failure to seek expedited review of the order to uphold the district court's finding of equitable mootness). And the district court did not err in determining that Robinson's lack of diligence rendered it inequitable to now undo the plan's consummation. *See id.; see also In re Cont'l Airlines,* 91 F.3d 553, 560 (3d Cir.1996) (suggesting abuse-of-discretion review of the district court's balancing of equitable and prudential factors in applying the equitable-mootness doctrine). Accordingly, the district court did not err in dismissing Robinson's appeal.

For the foregoing reason, the judgment of the district court is **AFFIRMED**. No costs.